UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELVIN L. JAMES,

　　　　　　　　　　　Plaintiff,

　　v.

DEPARTMENT OF CORRECTIONS, *et al.*,

　　　　　　　　　　　Defendants.

Case No. 2:25-cv-02523-APG-MDC

ORDER

State prisoner Kelvin James filed this civil-rights lawsuit in December 2025 to redress constitutional violations that he allegedly suffered while incarcerated at Ely State Prison. (ECF No. 1-1). James submitted a signed complaint and filed a complete application to proceed *in forma pauperis*, so the Court will screen his complaint in the usual course. (ECF Nos. 1-1, 5, 7). But the Court has a heavy docket. And as the Court advised James when he filed this action, the screening process "may take many months." (ECF No. 2 at 1). James, however, filed motions seeking default judgment and to compel the defendants to answer his complaint. (ECF Nos. 8, 9). As James is well aware, these motions are premature because the Court has not screened his complaint or ordered service on any defendant. The Court thus strikes James's premature and frivolous motions from the docket as a sanction for abusive litigation conduct.

I. 　　DISCUSSION

James has filed 14 pro se civil actions in this District since April 2024.[1] Unfortunately, James has a habit of engaging in abusive litigation practices like filing premature motions for default and default judgment. For example, in the action styled *James v. Ely State Prison's AWO T. Cooke*, Case No. 2:24-cv-00889-JAD-BNW ("*James 1*"), James moved for entry of default, default judgment, and an evidentiary hearing before

---

[1] This Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.

the Court screened his complaint. *James 1*, ECF Nos. 6, 12. The Court denied James's motions in screening his complaint, explaining why his requests were premature and cautioned him not to engage in abusive litigation practices. *James 1*, ECF No. 14 at 10 (D. Nev. April 14, 2025). The Court warned James such conduct could result in sanctions. *Id.* But James did not heed the Court's warning, and jurists in at least three of his other lawsuits have denied his premature motions seeking that relief with similar warnings. *See, e.g.*, *James v. Ely State* Prison, Case No. 2:24-cv-01871-JAD-BNW, ECF No. 24 at 8–9 (D. Nev. April 14, 2025); *James v. Ely State Prison*, 2:25-cv-00502-JAD-DJA, ECF No. 9 at 7 (D. Nev. July 17, 2025), and ECF No. 17 (Oct. 24, 2025); *James. v. Cooke*, Case No. 2:24-cv-01049-RFB-BNW, ECF No. 42 at 1–2 (D. Nev. October 8, 2025). In each case, the Court sent a letter advising James that the Court will review his "complaint before docketing and service of defendants" and "[t]he Court will order service upon defendants when it is time to do so." *See e.g.*, *James 1*, ECF No. 2 at 1, 3.

Considering James's unabated practice of filing premature and thus frivolous motions for default- or default-judgment type relief, he is again reminded that cluttering the docket with repetitive or premature motions is a litigation tactic that strains the Court's resources and generally delays a decision in a case. James is cautioned that FRCP 1 requires the court to construe, administer, and employ procedural rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." James's filing of repetitive and frivolous docket entries frustrates that goal. The Court is sensitive to James's pro se status, but that status is not a license to abuse the litigation process and ignore the rules and orders of this Court. James is cautioned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). And because pro se status does not permit litigants to harass others or needlessly clutter already full court dockets, district courts have the inherent power to control their dockets including striking documents, awarding monetary sanctions, dismissing actions, and filing "restrictive pre-filing orders against vexatious

litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *accord Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (reiterating that district courts' inherent power to control their dockets "includes the power to strike items from the docket as a sanction for litigation conduct" and "goes as far as to dismiss entire actions to rein in abusive conduct").

## II.   CONCLUSION

It is therefore ordered that James's premature and frivolous motions for default judgment and to compel the defendants to answer his unscreened complaint (ECF Nos. 8, 9) are stricken from the docket as a sanction for his abusive litigation conduct. Plaintiff is further cautioned that continued frivolous filings may result in finding plaintiff to be a vexatious litigant, which will restrict his future filings.

DATED: February 9, 2026

_____
UNITED STATES MAGISTRATE JUDGE